UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Chapter 13 |
|     Corey Ray Dotson, <br>     and <br>     Annie B. Dotson, <br>     fka Annie B. Smith, | | |
|     Debtors. | | Bky. Case No. 19-43084 KHS <br> Adv. Case No. 19-0____ KHS |
| Minnesota Department of Employment and Economic Development, | | |
|     Plaintiff, | | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** |
| vs. | | |
| Corey Ray Dotson, | | |
|     Defendant. | | |

The plaintiff, Minnesota Department of Employment and Economic Development, for the purpose of having this court determine the dischargeability of the debt due and owing to the plaintiff by the defendant, hereby states and alleges as follows:

**PARTIES**

1.  The plaintiff is an agency of the State of Minnesota established pursuant to Minnesota Statutes Chapter 268 (2018) and is responsible for the application and monitoring of Minnesota's Unemployment Insurance Law, including Minn. Stat. § 268.18 (2018).

2. The defendant, Corey Ray Dotson, is a debtor in this Chapter 13 bankruptcy who has been overpaid unemployment compensation benefits under Minn. Stat. Ch. 268 (2018). The defendant is currently, and at all relevant times has been, a resident of the State of Minnesota.

## JURISDICTION

3. This case arises under 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(2)(B), and 11 U.S.C. § 523(a)(7).

4. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

5. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

## COMPLAINT TO DETERMINE DISCHARGEABILITY

6. On May 19, 2015, the defendant filed a Chapter 7 bankruptcy petition in Bankruptcy Case No. 15-41808.

7. On June 2, 2015, the plaintiff filed an adversary complaint to determine dischargeability of debt in Bankruptcy Case No. 15-41808. The court docketed the plaintiff's adversary complaint as Adversary Case No. 15-04114.

8. On July 1, 2015, the court issued an Order for Judgment and Judgment in Adversary Case No. 15-04114 ordering that the defendant's debt to the plaintiff is excepted from the defendant's discharge in the amount of $15,784.40. The default judgment concluded the adversary proceeding.

9. On October 11, 2019, the defendant filed a Chapter 13 bankruptcy petition in Bankruptcy Case No. 19-43084.

10. The adversary complaint to determine dischargeability of debt in Adversary Case No. 15-04114, filed on June 2, 2015, is attached as Exhibit 1 and the plaintiff repeats and

incorporates by reference, the allegations contained in paragraphs 6 through 28. Exhibit 1 contains its own exhibits that are marked 1-A through 1-O.

11. David R. Possin, an unemployment insurance program specialist 2 with the plaintiff, attests that he has reviewed Exhibit 1 and 3 and all of the documents attached to the plaintiff's complaint and that they are true and correct copies of the official records and documents in the defendant's unemployment compensation benefit account file. A copy of the Supplemental Affidavit of David R. Possin is attached as Exhibit 2.

12. Minn. Stat. § 268.18, subd. 2b (2016) requires that the plaintiff assess interest on any unemployment benefits fraudulently obtained, and on any penalty amounts assessed under Minn. Stat. § 268.18, subd. 2(a) (2016) at the rate of 1 percent per month on any unpaid balance, beginning 30 calendar days after the date of the Determination of Overpayment and Fraud Determination. Prior to July 1, 2015, Minn. Stat. § 268.18, subd. 2b (2014) required that the interest be assessed at a rate of 1-1/2 percent per month.

13. The plaintiff maintains information regarding the defendant's overpayments and the defendant's repayments towards the overpayment balances. Copies of the defendant's Unemployment Compensation Overpayment Histories are attached as Exhibit 3.

14. From 30 calendar days or more after the June 3, 2013, service of the Order, and May 1, 2013, and June 10, 2013, service of the Determinations of Ineligibility and Determinations of Ineligibility: Fraud Determinations, upon the defendant on the unemployment insurance account for which the defendant applied on or around July 29, 2012, to May 19, 2015, the date of the Defendant's filing of Bankruptcy Case No. 15-41808 , interest has accrued on the fraud overpayments and penalty totaling $4,158.00. See Exhibit 1 (Exhibit 1-O).

15. The defendant's knowing misrepresentations, misstatements of material facts, and failing to disclose that he was employed during the periods that he claimed and received unemployment compensation benefits, constitute fraud under Minn. Stat. § 268.18, subd. 2 (2016), and the defendant is therefore liable to the plaintiff for repayment of $9,777.00 wrongfully received by the defendant, plus 40 percent statutory penalties in the amount of $2,442.40, plus assessed interest to date in the amount of $4,158.00, less credits, payments or offsets to the indebtedness in the amount of $2,617.94, plus court fees in the amount of $700.00, for a total of $14,459.46.

16. The plaintiff may add the cost of any court fees to the debt if the bankruptcy court does not discharge the debt pursuant to Minn. Stat. § 268.18, subd. 4a(b) (2018).

17. To date, the plaintiff has incurred court fees in the amount of $700.00.

18. To date, credits, payments or offsets to the indebtedness in the amount of $2,617.94 have been received.

19. Pursuant to FRBP 7008, the plaintiff consents to the court's entry of judgment in this action.

WHEREFORE, the plaintiff requests an order from this court:

a. Finding the defendant is indebted to the plaintiff in the amount of Thirteen Thousand Seven Hundred Fifty Nine and 46/100 Dollars ($13,759.46), plus the Seven Hundred and 00/100 Dollars ($700.00) filing fees and entering judgment thereon against the defendant and in favor of the plaintiff; and,

b. Finding the total amount of Fourteen Thousand Four Hundred Fifty Nine and 46/100 Dollars ($14,459.46) of the plaintiff's claim against the defendant excepted from

discharge pursuant to 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(2)(B) and 11 U.S.C. § 523(a)(7); and,

    c.    For such other and further relief as this court deems just and equitable.

Dated: December 10, 2019

KEITH ELLISON
Attorney General
State of Minnesota

/e/**Rory H. Foley**
Rory H. Foley
Assistant Attorney General
Atty. Reg. No. 0155056

445 Minnesota Street, Suite 900
St. Paul, Minnesota 55101-2127
(651) 757-1447 (Voice)
(651) 297-4139 (Fax)
rory.foley@ag.state.mn.us

ATTORNEY FOR PLAINTIFF MINNESOTA DEPARTMENT OF EMPLOYMENT AND ECONOMIC DEVELOPMENT